

July 10, 2020

Robert M. Farrell, Clerk of Court
United States District Court
District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210

RE: Request for PACER Fee Exemption

Dear Clerk Farrell:

I am writing to request a PACER fee exemption for my colleague and I as researchers at Plymouth State University ("PSU") in New Hampshire pursuant to Section 9 of the Electronic Public Access Fee Schedule ("Fee Schedule") promulgated by the Judicial Conference of the United States published on August 2, 2017. I am a full time, tenured associate professor of business law at PSU, and with the exception of pro bono work unrelated to this request, I am a nonpracticing attorney. My colleague, Daniel S. Lee, is a full time, tenured professor of economics at Plymouth State University. As part of our academic scholarship, we are researching the application of text analytics to legal documents. Accordingly, we are requesting a fee exemption for one year to access only two documents (docket reports and complaints/petitions) in a limited category of civil cases in the Massachusetts federal district court for the previous five years (listed in Appendix A below).

My colleague and I intend to use data analytics tools to analyze word frequency and correlations in civil complaints, and hope to publish any findings in a law review article. The federal district court in New Hampshire has recently allowed us a PACER fee waiver to access New Hampshire federal cases for our research, and we are hopeful that the Massachusetts federal court will grant us the same permission so that we can undertake a comparative text analytics of certain limited Massachusetts civil case documents.

Section 9 of the Fee Schedule allows a court to exempt "individual researchers associated with educational institutions," which clearly encompasses my colleague and I from PSU. To qualify for an exemption, a petitioner must demonstrate that "an exemption is necessary in order to avoid unreasonable burdens and to promote access to public information." PSU is a low-resourced, rural, undercard state school in New Hampshire. In fact, New Hampshire ranks fiftieth out of fifty states in appropriations of funds for higher education per $1,000 of personal income. (See



https://www.nhheaf.org/ceo-facts.asp.) Given our limited resources, which have been further stretched by the obvious current demands on colleges attributable to the COVID-19 public health pandemic, there is no funding available to support our academic research, and we have no resources available to pay for PACER documents. Without a PACER fee exemption, my colleague and I will not be able to access legal documents and publish our text analytics for the benefit of other researchers and the public. This is precisely the type of unreasonable burden and impediment to access for which the PACER fee exemption is designed.

In order to obtain an exemption, a petitioner must also show that the defined research project is "intended for scholarly research, that it is limited in scope, and that it is not intended for distribution on the internet or for commercial purposes." My colleague and I are individual researchers solely performing scholarly research. We will conduct our research over the course of one year and aspire to publish our interpretation of the data in an academic law journal when ready. Our research is limited in scope to text analytics of a narrow classification of civil cases in district courts in New England for the past five years. Further, we aim to access just two documents for each case, namely docket reports and complaint/petition pages. As such, our research is limited in time (only five years of cases), duration (our PACER access will be for just one year), geography (Massachusetts), number/type of documents (accessing only two documents in each case), and category of cases (listed in Appendix A).

We will not redistribute the raw data on the internet; nor will we disseminate it other than by publication in a law review article or other academic journal. Importantly, other than unrelated pro bono work, I am not engaged in the practice of law, and as a full time, tenured associate professor, I do not anticipate ever practicing law again in the future. As such, I do not intend to use the information collected from PACER as part of a law practice or other commercial purpose. Accordingly, our request satisfies the requirement that our research is limited and intended for scholarly research only.

Because our research is in the field of big data analytics, we intend to use a third-party software application to download the identified civil case docket reports and complaint pleadings in bulk so that we can have the "big" data package upon which to apply our big data analytics tools. While we initially arranged to have two graduate assistants manually download all the civil docket reports and complaints from the New Hampshire federal court, our students were only able to download cases at a rate of forty cases per hour. At this pace, even with maximum output over the longest period of available time, our students were not able to obtain even one full year of federal case documents by the end of the spring semester. This was hardly the "big"



data analytics for which we had hoped, and it is not enough data to support a longitudinal study. Indeed, absent even a full year of data, our research lacks statistical significance. Such limited data also lacks credibility among scholars in our industry. As a result, the New Hampshire federal district court granted us permission under our PACER fee waiver to use a third-party software to download docket reports and complaints in bulk rather than having to download cases manually (attached). As you will read in the Order from the New Hampshire federal district court, the third-party service provider has represented in a service contract to refrain from publishing or maintaining the data, and will provide it to only my colleague and I.

Not only has the federal court in New Hampshire granted our request, but our request for an exemption is also consistent with requests granted by similarly situated academics. *See, e.g., In Re Application for Exemption from Electronic Public Access Fees (PACER) by the University of Georgia, Department of Political Science* (2015). A cursory review of all such petitions reveals that courts have taken a liberal approach to granting them, as it appears that all such requests have been granted. Furthermore, in their amicus brief, a group of retired federal court justices explained that PACER fees impede public research, including the very type of "big data" study that we intend to do. *Brief of Retired Federal Judges as Amicus Curiae in Support of Neither Party, National Veterans Legal Service Program, et. al v. United States,* No. 19-1081 at 13 (2019). These federal judges would also support our request.

Thank you for your consideration of our request. We are happy to answer any questions about our research and would be excited to share our scholarship with the Court when completed.

Yours very truly,

/s/ *Chantalle R. Forgues*
Chantalle R. Forgues, Esq.
Associate Professor of Business Law
Plymouth State University MSC #27
Plymouth, New Hampshire 03264
crforgues@plymouth.edu


Cc: Daniel S. Lee, Ph.D.
Encl.



### Appendix A

We will limit our access to the following Nature of Suit categories only:

- 110 INSURANCE
- 140 NEGOTIABLE INSTRUMENTS
- 160 STOCKHOLDER'S SUITS
- 190 OTHER CONTRACT ACTIONS
- 195 CONTRACT PRODUCT LIABILITY
- 196 CONTRACT FRANCHISE
- 230 RENT, LEASE, EJECTMENT
- 240 TORTS TO LAND
- 245 TORT PRODUCT LIABILITY
- 290 OTHER REAL PROPERTY ACTIONS
- 320 ASSAULT, LIBEL, AND SLANDER
- 350 MOTOR VEHICLE PERSONAL INJURY
- 355 MOTOR VEHICLE PRODUCT LIABILITY
- 360 OTHER PERSONAL INJURY
- 362 MEDICAL MALPRACTICE
- 365 PERSONAL INJURY -PRODUCT LIABILITY
- 367 HEALTH CARE / PHARM
- 370 OTHER FRAUD
- 371 TRUTH IN LENDING
- 375 FALSE CLAIMS ACT
- 380 OTHER PERSONAL PROPERTY DAMAGE
- 385 PROPERTY DAMAGE -PRODUCT LIABILTY
- 410 ANTITRUST
- 430 BANKS AND BANKING
- 440 OTHER CIVIL RIGHTS
- 442 CIVIL RIGHTS JOBS
- 443 CIVIL RIGHTS ACCOMMODATIONS
- 445 CIVIL RIGHTS ADA EMPLOYMENT
- 446 CIVIL RIGHTS ADA OTHER
- 450 INTERSTATE COMMERCE
- 480 CONSUMER CREDIT
- 620 FOOD AND DRUG ACTS
- 660 OCCUPATIONAL SAFETY/HEALTH
- 710 FAIR LABOR STANDARDS ACT
- 720 LABOR/MANAGEMENT RELATIONS ACT
- 730 LABOR/MANAGEMENT REPORT & DISCLOSURE
- 751 FAMILY AND MEDICAL LEAVE ACT
- 790 OTHER LABOR LITIGATION
- 820 COPYRIGHT
- 840 TRADEMARK
- 850 SECURITIES, COMMODITIES, EXCHANGE
- 890 OTHER STATUTORY ACTIONS
- 896 ARBITRATION
- 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY

School of Business, MSC #27

17 High Street   Plymouth, NH 03264-1595   T (603) 535-2610   F (603) 535-2611