UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: Application for Exemption from  )  Miscellaneous Business
       Electronic Public Access Fees for  )  Docket No. 20-mc-91510-FDS
       Chantalle R. Forgues, Daniel Lee,  )
       and Plymouth State University  )

**PETITIONERS' MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT OR ORDER**

Petitioners seek an amendment to, or relief from, this Court's judgment denying without prejudice petitioners' request for a PACER fee waiver to access certain public documents for academic research purposes. The Court's decision was based on error or mistake regarding the standards by which a waiver of PACER fees is granted, as well as error or mistake with respect to the method by which petitioners seek to download court documents from PACER. Furthermore, as more fully explained below, public policy necessitates relieving petitioners from certain provisions of the Court's Order of December 4, 2020 in this case. In support thereof, petitioners state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioners in this case are full-time, tenured academic researchers from Plymouth State University, a state institution of higher education in New Hampshire. Petitioners' research is based on big data analytics in the legal domain, and on July 10, 2020, petitioners petitioned the federal district courts in New England for a waiver of PACER fees to access two documents (docket reports and complaints/petitions) on which to perform text analytics for cases in only a few dozen Nature of Suit categories for a five-year period.

Every federal district court in New England promptly granted petitioners' request, except the United States District Court for the District of Massachusetts. Specifically, the United States District Court

1

for the District of Maine,[1] the United States District Court for the District of Connecticut,[2] United States District Court for the District of Rhode Island,[3] United States District Court for the District of Vermont,[4] and United States District Court for the District of New Hampshire[5] granted petitioners' request.

The Clerk's Office of this Court denied petitioners' request via email, indicating that the Administrative Office of the United States Courts ("AO") recommended the denial. In her correspondence denying petitioners' request, the Clerk provided the AO's recommendation, which advised:

> Although the letter is persuasively written, I am not fully certain that it clearly articulates a limited scope for the intended research. <u>The researchers plan to use only a small subset of cases, but it sounds like they plan to use a third-party script to access and download data in bulk prior to running analytics</u>. Ultimately, whether to grant these types of requests is entirely within each court's discretion and the AO can make a recommendation only. If a court chooses to grant exempt access for the purposes of data aggregation, they may also want to consider the potential load on their system so as not to inhibit public access to other court records on PACER. A script that is corrupted or improperly coded can cause significant disruption to a court's system. <u>Therefore, some courts choose to require researchers to run scripts only after business hours, on specific days, or over several nights to minimize potential disruption</u>.

Tracy McLaughlin, RE: PACER EXEMPTION - PLYMOUTH STATE (Aug. 17, 2020) (emphasis added).

Upon reviewing the AO's recommendation, however, it is clear that the AO did <u>not</u> recommend the outright denial of petitioners' request. Rather, the Administrative Office said it was "not fully certain" about the request because petitioners intend to use a bulk downloader to obtain case documents, and indicated that this Court <u>could</u> grant petitioners' request. In fact, the AO underscored that this Court had the discretion to grant petitioners' request, and even provided guidelines for granting it, including by requiring measures that avoid disruption to the PACER system. According to the AO, petitioners

---

[1] Amended Order on Request for PACER Fee Exemption, *In Re: Request for PACER Fee Exemption by Chantalle Forgues*, Misc. Case: 2:20-mc-00163-JDL (D. Me. 2020).
[2] Order, *In re: Application for Exemption from the Electronic Public Access Fees by Chantalle R. Forgues, Associate Professor of Business Law at Plymouth State University ("Forgues") and Daniel S. Lee, Professor of Economics at Plymouth State University ("Lee")* (D. Ct. 2020).
[3] Order, *In Re: Application for Exemption from Electronic Public Access Fees*, No. 08-05 (D. R.I. 2020).
[4] Jeffrey Eaton, RE: PACER EXEMPTION REQUEST (October 27, 2020).
[5] Order, *Exemption Order Re: PACER Fees*, ADM-1 ORDER 19-4 (D. N.H. 2019).

could "run scripts only after business hours, on specific days, or over several nights to minimize potential disruption." *Id.*

Because the AO left open the possibility to granting petitioners' request, and because petitioners have the capacity to take the specific measures the AO recommended to avoid any system disruption, petitioners promptly requested the opportunity to amend the request to satisfy any outstanding concerns related thereto. Seven weeks later, the Clerk's Office advised in an email that it would not allow petitioners to amend the request. Tracy McLaughlin, RE: RE: PACER EXEMPTION - PLYMOUTH STATE (Oct. 5, 2020). On the same day of receiving such notice, petitioners requested the corresponding order of decision. It appears there was no order of decision of the Court at this time.

Approximately two months later, the Court issued an order denying petitioners' request without prejudice on the grounds that it was concerned that the downloading technology petitioners proposed to use would cause disruption or threat to the electronic case filing system. *See* Order, *IN RE: Application for Exemption from Electronic Public Access Fees for Chantalle R. Forgues, Daniel Lee, and Plymouth State University*, No. 20-mc-91510-FDS (D. Mass. 2020). In a letter accompanying the order, the Court stated that, "according to our IT security personnel," the use of bulk downloading software, "would present an unacceptable degree of risk to our system." Letter of F. Dennis Saylor, IV, Chief Justice U.S. Dist. Ct. D. Mass. (Dec. 4, 2020). Without knowing the name of, or details about, petitioners' data gathering technology, the IT personnel, and this Court, made a blanket determination that any bulk download threatened the Court's operations, and denied petitioners' request for a fee waiver on that unsupported basis. In this manner, the Court added an unwritten technology requirement to obtain a PACER fee waiver, and effectively denied petitioners the same bulk access to Court files that large institutions with the resources to pay PACER fees enjoy.

## LEGAL ARGUMENT

The Court may alter or amend its judgement upon motion of a party for a variety of reasons pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (2019). A Court will grant such a motion under the following circumstances: "(1) to correct manifest error of fact or law upon which the judgment is based; (2) to take account of newly discovered evidence; (3) to take account of an intervening change

3

in controlling law; or (4) to prevent manifest injustice." *Exergen Corp. v. CVS Corp.*, 2007 U.S. Dist. LEXIS 115597 (D. Mass. January 12, 2007) (citations omitted).

Similarly, under Rule 60(b)(1) & (b)(6) of the Federal Rules of Civil Procedure, the Court may relieve a party from a final order because of "mistake, inadvertence . . . or any other reason that justifies relief." (2019). "To balance the 'competing policies' of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1st Cir. 2015). The "listed factors are incorporated into a holistic appraisal of the circumstances. There is no ironclad rule requiring an in-depth, multi-factored analysis in every case. Sometimes one factor predominates to such an extent that it inexorably dictates the result." *Id.* (quotations and citation omitted).

As demonstrated below, the Court's order in the instant case was based on a plain error about the standards for granting a waiver of fees to download documents, as well as a plain error of fact about petitioners' proposed downloading technology. For these reasons, this Court's order should be amended for plain error under Rule 59(e), or petitioners should be relieved therefrom for mistake or inadvertence under Rule 60(b)(1). Furthermore, because this Court's order denies lesser-resourced individuals bulk access to the Court's files while permitting the same access for well-resourced institutions who also engage in bulk-downloading using the same proposed technology, the order is contrary to manifest justice and should be amended under Rule 59(e), or petitioners should be relieved therefrom for exceptional injustice under Rule 60(b)(6), accordingly.

Petitioners' motion meets the timeliness requirements under the aforementioned rules, and there is no suggestion of prejudice to any possible party upon the Court's reconsideration of its order in this case. As such, petitioners meet the standards for reconsideration under both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure.

4

I.   IT IS UNDISPUTED THAT PETITIONERS HAVE SATISFIED THE STANDARDS FOR A PACER FEE WAIVER AND THIS COURT ERRED BY INVENTING A NEW POLICY STANDARD UPON WHICH TO DENY PETITIONERS' REQUEST FOR SAID WAIVER

There is no dispute that petitioners have satisfied the standards provided for a PACER fee waiver.[6] This Court made no specific findings that petitioners failed to meet the enumerated requirements the United States Court system provided to qualify for a waiver of PACER fees. The applicable requirements for a PACER fee waiver are found in Section 9 of the Electronic Public Access Fee Schedule:

> 9. Discretionary Fee Exemptions:
>
> - Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents, bankruptcy case trustees, *pro bono* attorneys, *pro bono* alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions. Courts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee. Examples of individuals and groups that a court should not exempt include: local, state or federal government agencies, members of the media, privately paid attorneys or others who have the ability to pay the fee.
>
> - In considering granting an exemption, courts must find:
>
>   - that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information;
>
>   - that individual researchers requesting an exemption have shown that the defined research project is intended for scholarly research, that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes.
>
> - If the court grants an exemption:
>
>   - the user receiving the exemption must agree not to sell the data obtained as a result, and must not transfer any data obtained as the result of a fee exemption, unless expressly authorized by the court; and

---

[6] Petitioners will refrain from regurgitating their original petition in this motion, and herein incorporate the facts and argument contained in their original petition demonstrating their satisfactions of the PACER fee waiver policy.

5

- o the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption.
- Courts may provide local court information at no cost (e.g., local rules, court forms, news items, court calendars, and other information) to benefit the public.

U.S. Courts, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (2020).

The Court denied petitioners' request for a waiver of PACER access fees on the grounds that petitioners:

> propose[] to use only a small subset of cases using a third- party script to access and download data in bulk prior to running analytics. A script that is corrupted or improperly coded could cause significant disruption to the court's electronic case filing system, which in turn could create substantial harm to the operations of the court. Under the circumstances, [petitioners] ha[ve] not demonstrated [their] eligibility for a discretionary fee exemption.

Order, *IN RE: Application for Exemption from Electronic Public Access Fees for Chantalle R. Forgues, Daniel Lee, and Plymouth State University*, No. 20-mc-91510-FDS (D. Mass. 2020).

In a letter accompanying the Court's order, the Court provided the specific reason for its denial of petitioners' request:

> Specifically, it appears to us, based on our understanding of your proposal, that your request poses a security issue with the court's electronic case filing system. As we understand it, you intend to use a third-party software application to download the identified civil case docket reports and pleadings in bulk so that you can have the "big" data package upon which to apply your big-data analytics tools. The use of such software, according to our IT security personnel, would present an unacceptable degree of risk to our system.

Letter of F. Dennis Saylor, IV, Chief Justice U.S. Dist. Ct. D. Mass. (Dec. 4, 2020).

The Court made no specific finding that petitioners failed to meet the requirements provided for a waiver of PACER access fees under any provision in Section 9 of the Electronic Public Access Fee Schedule. Rather, the Court denied petitioners' request for reasons of technology.

6

In so ruling, the Court added an additional requirement for a fee waiver that is not present in the United States Court System policy permitting the waiver of PACER fees, namely, that petitioners not download information in bulk. There is no requirement in the PACER fee policy that petitioners refrain from using bulk downloading technology; there is not even a requirement that petitioners refrain from disrupting Court operations. Nevertheless, the Massachusetts Federal District Court *sua sponte* legislated its own technology requirement for a PACER fee waiver and applied it against petitioners to deny petitioners' request.

As demonstrated in their request, and as found by the Federal District Courts of Connecticut, Maine, Rhode Island, Vermont, and New Hampshire, petitioners meet the requirements for a PACER fee waiver. In its order, this Court mistakenly added a new requirement to the PACER waiver policy and, for this reason, petitioners request that this Court reconsider its order pursuant to Rules 59(e) and 60(b)(1). Notably, this Court did not make a specific finding of fact indicating that petitioners failed to meet the standards specifically provided for a fee waiver, and if the Court believes petitioner failed to meet any of the enumerated standards, petitioners request leave to amend their petition accordingly.

II.   THE COURT'S ORDER IS BASED ON ERROR OF FACT THAT PETITIONERS' BULK DOWNLOADING POSES A RISK TO THE COURT'S ELECTRONIC CASE FILING SYSTEM BECAUSE PETITIONERS' PROPOSED TECHNOLOGY HAS BEEN, AND CONTINUES TO BE, USED MANY TIMES ON THE MASSACHUSETTS FEDERAL DISTRICT COURT'S SYSTEM WITHOUT THE SPECULATED DISRUPTION

This Court denied petitioners' request for a PACER fee waiver because petitioners' research proposes the use of automated systems to obtain documents from PACER in bulk. In denying petitioners' request, the Court stated, "A script that is corrupted or improperly coded could cause significant disruption to the court's electronic case filing system, which in turn could create substantial harm to the operations of the court." Order, No. 20-mc-91510-FDS (2020).

While it is true that an improperly coded script could disrupt the Court's electronic filing system, the script that petitioners propose is used <u>every day</u>, including on weekends, to download files from PACER. The script at issue is used by big law firms and larger universities on a regular basis, and has been used on the Court's system consistently for over seven (7) years. In fact, the script at issue,

performed by the Free Law Project,[7] has been used on the Federal District Court for the District of Massachusetts' system many, many times without disruption.

Indeed, if the script petitioners intend to use is corrupt, the Court would have already experienced the disruption. Moreover, because the script is used to scrape PACER daily, PACER would experience the disruption from the proposed script regardless of whether this Court grants petitioners' request. By denying petitioners' request, this Court does not, in fact, abate the risk about which it has speculated. The Court's determination is simply based on a plain error and mistake of fact, and for this reason merits reconsideration under Rules 59(e) and 60(b)(1) respectively.

Moreover, the Court's IT personnel, and this Court, made a blind, sweeping determination that any bulk download poses a threat to the Court's operations without considering petitioners' specific bulk download technology. The facts upon which the Court based its decision are not only erroneous, but are also unfounded. Indeed, the Court's decision is not based on any fact at all.

Because it is used daily, any finding that the petitioners' proposed downloading technology poses a true risk to the Court's operation is not grounded in fact and is manifestly erroneous. Accordingly, this Court should reconsider its order to permit petitioners' PACER fee waiver to access the limited number of files requested. As such, this Court should relieve petitioners from its order under Rule 60(b)(1) and permit them to use the proposed technology for their research, which, importantly, is the same technology that others are already using to access PACER files on a regular basis. Alternatively, this Court could alter its order pursuant to Rule 59(e) to permit a PACER fee waiver permitting petitioners access during evening and/or weekend times only, or require a rate-limit[8] to the download, so as to eliminate any speculated disruption to the Court's business operations.

---

[7] Information about the Free Law Project can be found here: https://free.law/. Significantly, the biggest users of the PACER system are big data scrapers who constantly download data in bulk. *See generally, id.* Bulk downloads occur not just daily, but hourly, on PACER. *See id.*

[8] The Free Law Project regularly rate-limits downloading for larger jobs than what petitioners propose, but can rate-limit the download of petitioners' relatively small data set as needed. Specifically, the Free Law Project can limit downloads by cases per day, cases per hour, and/or speed, as pertinent. *See id.*

8

III. THE COURT'S ORDER IS MANIFESTLY UNJUST BECAUSE IT PROHIBITS SMALL UNIVERSITIES AND INDEPENDENT RESEARCHERS FROM USING THE SAME TECHNOLOGY TO ACCESS COURT FILES THAT BIG LAW FIRMS AND LARGER UNIVERSITIES USE REGULARLY

Without a PACER fee waiver, small universities and independent researchers are unable to access this Court's records in bulk, while larger universities and big law firms with resources to pay PACER fees are able to have unlimited bulk access, which, moreover, they obtain by using the same downloading script petitioners propose to use. If petitioners had the financial resources that larger institutions have, petitioners would simply pay the PACER fees to download court files in bulk using the same feared script that is also used by others. This Court's decision is essentially an order against bulk downloading, and, as applied, it serves only to deny access to those with fewer resources. This Court's decision effectively denies a small state school with extraordinarily limited funding the same access that larger institutions enjoy daily, and is therefore manifestly unjust.

The real question before the Court is whether it is just to permit large law firms and larger universities with resources to pay for access to court documents on PACER to download this Court's files in bulk, while prohibiting petitioners, independent researchers at the lowest-funded state college system in the nation,[9] from using *the same technology* to download this Court's files only because petitioners lack resources to pay the Court for its public documents.

Indeed, the Court's denial of petitioners' PACER waiver, which is based on the perceived threat of bulk downloading as a whole, is directly contrary to the position of a group of retired federal court justices who wrote an amicus brief advocating for free access to "big data" in PACER for researchers. *Brief of Retired Federal Judges as Amicus Curiae in Support of Neither Party, National Veterans Legal Service Program, et. al v. United States,* No. 19-1081 at 13 (2019). The justices recognized that "big data" analysis, which can only be performed by bulk downloading technology, could reveal "tremendous insights," and be invaluable to the evolution of the law. *See generally, id.*

The federal justices specifically advocated for researchers to have free access to PACER's "big data" for "machine learning." *Id.* at 12-13. Importantly, this type of "big data" can only be obtained by bulk technology, which under this Court's order, would be entirely unavailable to under-resourced

---

[9] *See* citation in original petition.

9

researchers. According to the federal justices, preventing free access to "big data" permits only those with wealth to have access to this Court's information. *Id.* at 17 ("Wealth should not control access . . . .") The federal justices explained that PACER fees impede public research and result in "monopoly access to the best information" for those with greatest resources. *Id.* at 10.

The Court's order in this case has reinforced such a monopoly in bulk downloads for large institutions, which is not only harmful to the study of law, but is also plainly inequitable. It is unquestionably unjust that as a result of this Court's order, only researchers from large institutions will be able to engage in "big data" research of federal court cases in Massachusetts. Based on their brief, it is clear that the aforementioned federal judges, in addition to the federal judges from all of the other New England jurisdictions, support petitioners' request for a fee waiver to access "big data" from PACER, which is necessarily procured by a bulk downloading script. Accordingly, petitioners request that this Court reconsider its order to reconcile this inequity under Rules 59(e) or as an exceptional circumstance under the holistic analysis required under Rule 60(b)(6).

## CONCLUSION

This Court's order is essentially a moratorium on bulk downloading, which, as applied, only serves to prohibit lower-resourced researchers from accessing public documents. In so ordering, the Court added an additional requirement into the PACER waiver policy, inequitably prohibited petitioners from accessing Court files because they use bulk downloading technology that is nevertheless used by others daily, and effectively blocked a lower-resourced entity from the same access that wealthier institutions have. Such and order merits reconsideration under Rules 59(e) and 60(b)(1)&(6) of the Federal Rules of Civil Procedure.

Ultimately, petitioners' ability to satisfy the standards for a PACER fee waiver is unrelated to the technology it uses to obtain documents from PACER. PACER fee waivers are based on public policy, and petitioners' request for access to this Court's information should be determined accordingly. To the extent the Court is concerned about the petitioners' technology, petitioners respectfully request an oral argument on the technology at issue.

For the foregoing reasons, petitioners request that this Court grant petitioners' motion for reconsideration and permit petitioners' complete fee waiver to access the Court's public files. In the alternative, petitioners request that this Court amend its order and permit petitioners' a narrowly tailored fee waiver to access Court files on nights and/or weekends, or to otherwise rate-limit the download so as to mitigate any perceived threat to Court operations.

                              RESPECTFULLY SUBMITTED,

                              */s/ Chantalle R. Forgues*
                              CHANTALLE R. FORGUES
                              DANIEL S. LEE
                              *Pro Se*
                              Plymouth State University
                              17 High Street, MSC #27
                              Plymouth, NH 03264
                              Phone: 603-535-5000
                              Email: crforgues@plymouth.edu

DATE: December 28, 2020